Gregory Leonard **WRIGHT,**
Defendant–Appellant,

v.

**STATE of Indiana, Plaintiff–Appellee.**

No. 29S02–0301–CR–33.

Supreme Court of Indiana.

Jan. 24, 2003.

William P. Greenaway, Noblesville, IN, Attorney for Appellant.

Steve Carter, Attorney General, Indianapolis, IN, Grant H. Carlton, Deputy Attorney General, Indianapolis, IN, Attorneys for Appellee.

On Petition To Transfer

DICKSON, Justice.

On April 11, 1999, Gregory Wright entered a Wal–Mart store in Carmel, Indiana, gathered merchandise from throughout the store and presented those goods, along with another shopping cart full of items he brought in from his car (and for which he had no receipt) to the store return desk. Wal–Mart loss prevention officers observed his actions and advised the manager to approve a refund if Wright requested one. Wright did seek and receive a full refund of $880.57. As Wright left the store with the refund, loss prevention officers arrested him. He was thereafter convicted of theft, but the Court of Appeals reversed and remanded to the trial court, finding the evidence insufficient to establish theft but sufficient to support a conviction for the lesser-included offense of attempted theft. *Wright v. State*, 754 N.E.2d 550, 554 (Ind.Ct.App.2001). We grant the State's petition for transfer and affirm the trial court.

In his appeal, the defendant challenges the sufficiency of the evidence, claiming that the prosecution failed to prove that the refund he obtained was "unauthorized" as required by the definition of theft. Ind. Code § 35–43–4–2(a). The crime of theft is defined as "knowingly or intentionally exerting unauthorized control over property of another person, with intent to deprive the other person of any part of its value or use[.]" I.C. § 35–43–4–2(a). Dispositive to this case is whether Wright's control over the $880.57 was "unauthorized" within the meaning of the statute. Indiana Code § 35–43–4–1(b) defines "unauthorized control," in relevant part,[1] as control exerted 1) without the other's consent, or 2) by creating a false impression in the other person. The defendant argues, and the Court of Appeals agreed, that the defendant neither took the refund money without Wal–Mart's consent nor created a false impression.

■ As to the first contention, the defendant reasons that when the store manager authorized the refund at the instruction of loss prevention personnel, Wal–Mart consented to the defendant's control over the money. We disagree. Wal–Mart loss prevention personnel observed Wright's actions from the time he initially entered the store until he left with the refund money, and in fact witnessed him

---

1. Indiana Code § 35–43–4–1 lists additional forms of unauthorized control, none of which are at issue in this case.

take from the store shelves many of the items he presented for a refund. Record at 305–10. By instructing a manager to approve a refund should the defendant request one, Wal–Mart was not authorizing the defendant to exert control over the refunded money, but was rather permitting the scope of the defendant's plans to be tested, intending all the while to reassert rightful control of the money once the criminal act was complete. This is evidenced by the fact that loss prevention personnel apprehended the defendant once he exited the store in possession of the money. Record at 309.

The defendant next argues that he did not exert unauthorized control over the refunded money because he did not create a false impression in Wal–Mart. He reasons that, although he *tried* to deceive Wal–Mart, Wal–Mart knew the truth all along, and was therefore never operating under the false impression that the defendant was lawfully entitled to the refund. We agree. Wright did not create a false impression in Wal–Mart.

However, a person may exert unauthorized control over the property of another *either* by creating a false impression *or* by exerting control without the other's consent. I.C. § 35–43–4–1(b). The evidence is sufficient to show that the defendant knowingly or intentionally exerted unauthorized control over the property of Wal–Mart by taking the refund money without Wal–Mart's consent, thus satisfying the statutory requirements for theft under Indiana Code § 35–43–4–2(a).

### Conclusion

The defendant's conviction is affirmed.

SHEPARD, C.J., and SULLIVAN, BOEHM and RUCKER, JJ., concur.